# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**OLLIE MARIE NORWOOD**                                                 **PLAINTIFF**

**v.**                                                  **CIVIL ACTION NO. 3:19-CV-137-RP**

**ANDREW SAUL,**
**Commissioner of Social Security**                                     **DEFENDANT**

## ORDER GRANTING PAYMENT OF ATTORNEY'S FEES

Plaintiff seeks an award of attorney's fees of $4,988.90 paid under the Equal Access to Justice Act, 28 U.S.C. Section 2412. Docket 20. Additionally, plaintiff seeks to be reimbursed $24.00 paid to the U.S. Marshal Service for service of process. Defendant does not object to the requested attorney's fees, but does object to the service of process cost on the basis that plaintiff was granted leave in this action to proceed without payment of costs and the statute that authorizes such relief shields the government from liability for costs. *See* 28 U.S.C. §1915(f)(1)(stating the United States shall not be liable for any costs incurred in a case where an individual proceeds *in forma pauperis*). The court has reviewed the motion, the response (Docket 21), the reply (Docket 22) and the record and concludes that the motion is partially well taken.

In her reply, plaintiff argues the Commissioner's position regarding costs is inconsistent with that taken in a number of other Social Security cases filed in this district, but plaintiff does not address the clear language of 28 U.S.C. § 1915(f)(1). Consequently, based on the clear language of § 1915(f)(1) and plaintiff's failure to present any authority to the contrary, the request for costs is denied on this record. *See Anderson v. Commissioner of Social Security*,

1

No. 3:14CV00275, 2015 WL 6828927, at * 1 (N.D. Miss. Nov. 6, 2015) (denying request for costs of overnight mailing and photocopying); *Clements v. Colvin*, No. 3:15cv20, 2015 WL 6554482, at * 2 (N.D. Miss. Oct. 29, 2015) ("Courts interpreting [28 U.S.C. § 1915(f)(1)] have consistently held that costs cannot be award against the United States in an *in forma pauperis* appeal. As a consequence, the court holds that plaintiff is barred from recovering $115.36 in printing costs by operation of § 1915(f)(1)."); *Craig v. Comm'r of Soc. Sec.*, No. CV 17-1715-EWD, 2019 WL 3937633, at *1-2 (M.D. La. Aug. 20, 2019) (disallowing recovery of certified mail expenses for service of the complaint and summons).

That being said, if the Commissioner continues to take conflicting and inconsistent positions on this issue in the future, the court will consider ordering the Commissioner to show cause as to why it should not be judicially estopped from opposing pauper plaintiffs' requests for reimbursement of the service of process fee.

**THEREFORE, IT IS ORDERED**:

that the defendant pay the plaintiff $4,988.90 in attorney fees and mail the award to plaintiff's attorney.

This, the 18th day of March, 2020.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE